# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER COE, ) <br> individually and doing business as ) <br> C AND C CAPITAL LLC; ) <br> CHRISTOPHER JONES, ) <br> individually and doing business as ) <br> C AND C CAPITAL LLC; and ) <br> C AND C CAPITAL LLC, ) <br> ) <br> Defendants. ) | Case No. 2:25-cv-02269-SHL-tmp |

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND EXTEND THE DEADLINE TO COMPLETE MEDIATION

Before the Court is Plaintiff United States of America's Motion to Modify Scheduling Order and Extend the Deadline to Complete Mediation, filed July 22, 2025. (ECF No. 29.) The Motion is unopposed and purports to seek to extend the ADR deadline by sixty days.

In the Motion, counsel for Plaintiff asserts that, on July 15, 2025, she contacted Defendants' counsel, as well as Jerry Potter, who the Parties stipulated would be their mediator on May 22, 2025. (See ECF No. 28.) Plaintiff's counsel explained that Potter's deadline to file his Mediation Certification form was a week away at that point. Counsel also informed them that she "wished to schedule the mediation to take place after the responses" to written discovery requests "were received on or around August 5, 2025." (ECF No. 29 at PageID 101.) Although it is not clear in the Motion, it appears that this may have been the first time the Parties communicated with Potter in the two months since selecting him to be their mediator.

Under the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As Plaintiff points out, "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." (Id. (quoting Bank of Am., N.A. v. Corporex Realty & Inv. Corp., 661 F. App'x 305, 317 (6th Cir. 2016).)

After acknowledging that diligence is the coin of the scheduling modification realm, Plaintiff attempts to assert that it has been diligent, asserting this is its first extension request, that no other deadlines will be impacted, and that resolution of the case would be more likely with a mediation. But Plaintiff ignores the most obvious way in which it has not been diligent: Plaintiff appears to have reached out to Potter for the first time on the day of the mediation deadline. That is the opposite of diligence.[1]

Moreover, the Motion conflates the ADR Deadline with the deadline for the mediator to submit the Mediation Certification form. The ADR Deadline was July 15, 2025. (ECF No. 27 at PageID 96.) Under ADR Plan Rule 5.11(b), "[w]ithin

seven (7) days after the close of each mediation session, and on the form 'Mediation Certification' provided by the Court, the Mediator shall report to the Court the date the session was held, whether the case settled in whole or in part and whether any follow up is scheduled. The Mediation Certification shall be filed." In other words, Plaintiff reached out to the mediator—again, for what appears to be the first time—and advised him that his deadline to

---

[1] Plaintiff cites to ADR Plan Rule 5.4(c), which provides that, after the Parties have filed their stipulation naming their mediator, "[t]he Clerk shall send a copy of the ADR Scheduling and/or Referral Order to the Mediator." Plaintiff correctly notes that "[t]here is no entry on the docket to reflect that Mr. Potter ever received a copy of the Court's Scheduling Order." (ECF No. 29 at PageID 101.) The relevance of that point is not clear, however, as whether the Clerk sent Potter the Scheduling Order does not implicate Plaintiff's diligence.

submit his Mediation Certification form was a week away, even though the Parties had yet to even schedule, let alone conduct, a mediation. What could Potter have possibly reported?

Where, as here, a party seeks to extend a deadline after the deadline has run, demonstrating good cause also requires that the party show it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts look at five factors when evaluating excusable neglect: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." C.S. v. McCrumb, 135 F.4th 1056, 1069 (6th Cir. 2025) (quoting Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006)).

Perhaps not surprisingly given that Plaintiff appears to believe that its Motion was timely filed, it does not evaluate the excusable neglect factors. The factors weigh slightly toward finding the neglect was excusable. There is no danger of prejudice and the length of the delay is neither excessive, nor likely to impact the proceedings. There is also no suggestion that Plaintiff did not act in good faith. Those factors suggest the neglect was excusable. At the same time, the reason for the delay and whether the delay was within the reasonable control of Plaintiff weighs against a finding of excusable neglect. Although the reason for the delay is never explained, it appears that the Parties simply did not think about the ADR deadline until the day it expired.[2] Rather than file a motion that day, Plaintiff waited until the day the Mediation Certification form was due to seek an extension.[3] Ultimately, whether the deadline was missed by mere oversight

---

[2] To the extent the delay is to procure Defendants' answers to written discovery, the question becomes why the discovery was not served earlier, to be able to be received before the ADR deadline.

[3] The Court's ire is not reserved only for Plaintiff. There is probably good reason that Defendants do not oppose the Motion. (See ECF No. 29 at PageID 104.) After all, the Court

or otherwise, the delay was within the reasonable control of Plaintiff.  Ultimately, the Court finds that Plaintiff's neglect was marginally excusable.

However, having reluctantly found that an extension to the ADR Deadline is warranted, the Court confronts another issue.  After Plaintiff finally reached out to Potter, the Parties and the mediator were "not been able to agree on a mutually-available date between Aug. 5, 2025 and August 21, 2025 (i.e. 30 days from the current July 22, 2025 deadline) due to prior-scheduled meetings and courtroom appearances."  (ECF No. 29 at PageID 102.)  Plaintiff thus seeks a sixty-day extension, but does not indicate that the Parties and Potter were able to identify any specific date between August 21 and September 20 when all are available to participate in mediation.[4]  Setting the mediation for a date certain and conveying that date to the Court would have helped.

Given the foregoing, the Motion is **GRANTED IN PART**.  The Parties shall have until September 1, 2025, in which to conduct ADR.  Within seven days of the entry of this Order, the Parties shall file a notice on the docket as to when the mediation will take place.

**IT IS SO ORDERED,** this 24th day of July, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

notes that Plaintiff's July 15 communication did not send Defendants scrambling to file a motion to extend the ADR deadline.

[4] Under the terms of the Motion, the mediation would have to take place by September 13, 2025, as the Motion seeks to amend the Scheduling Order to "provide that the mediator Jerry Potter shall file the Mediation Certification Form on or before September 20, 2025." (ECF No. 29 at PageID 103.)  As noted above, the Medication Certification form is due within a week of the mediation's completion.  ADR Plan 5.11(b).  The Court also notes that September 20 is a Saturday.