# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER COE, )<br>individually and doing business as )<br>C AND C CAPITAL LLC; )<br>CHRISTOPHER JONES, )<br>individually and doing business as )<br>C AND C CAPITAL LLC; and )<br>C AND C CAPITAL LLC, )<br>)<br>Defendants. ) | Case No. 2:25-cv-02269-SHL-tmp |

## ORDER GRANTING PERMANENT INJUNCTION

On March 10, 2025, Plaintiff United States of America filed a Complaint for Permanent Injunction against Defendants Christopher Coe, individually and doing business as C and C Capital LLC, Christopher Jones, individually and doing business as C and C Capital LLC, and C and C Capital LLC, asserting that the Defendants violated various provisions of the Internal Revenue Code. (ECF No. 1.)

On February 27, 2026, the Parties submitted a joint filing characterized as an Order and Judgment of Permanent Injunction. (ECF No. 48.) That filing outlined terms of a permanent injunction that they agreed to. The Court construes that filing as a motion for a permanent injunction as agreed to by all the Parties. The Court will therefore **GRANT** the Motion, consistent with its terms as laid out below, including the Court's edits.

Defendants, without admitting any of the allegations in the complaint except as to jurisdiction, waive the entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, and consent to the entry of this permanent injunction under Federal Rule of

Civil Procedure 65 and 26 U.S.C. §§ 7402, 7407, and 7408. Defendants further waive any right Defendants may have to appeal from this permanent injunction. The United States and Defendants agree that the granting of the Motion and the entry of this permanent injunction neither precludes the Internal Revenue Service (IRS) from assessing penalties against Defendants for asserted violations of the Internal Revenue Code, nor precludes Defendants from contesting any such penalties.

The United States and Defendants further agree that the granting of the Motion and entry of this permanent injunction, and the corresponding entry of the judgment constitute the final judgment in this case.

Therefore, it is accordingly **ORDERED, ADJUDGED**, and **DECREED** that:

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345, and under 26 U.S.C. §§ 7402, 7407, and 7408.

2. The Court finds that Defendants have neither admitted nor denied the United States' allegations that Defendants engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701.

3. Defendants and their agents, servants, employees, independent contractors, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order are permanently enjoined under 26 U.S.C. §§ 7402 and 7408 from:

> (a) Engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws;
>
> (b) Engaging in activity subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a federal tax return, amended return, refund claim, or any other document relating to a matter material under the

internal revenue laws that includes a position that the Defendants know will, if used, result in the understatement of another person's federal tax liability;

(c) Engaging in any other conduct subject to penalty under the Internal Revenue Code;

(d) Misrepresenting any of the terms of this Order;

(e) Engaging in any conduct subject to penalty under 26 U.S.C. §§ 6694, including, but not limited to, preparing tax returns that falsely claim Schedule C business losses from non-existent Schedule C businesses; fictitious charitable contributions; and false head-of-household status; false Earned Income Tax Credits, false American Opportunity Credits, or other false educational credits; and

(f) Engaging in any conduct subject to penalty under 26 U.S.C. § 6695, including, but not limited to, negotiating federal income tax refund checks in violation of 26 U.S.C. § 6695(f) by arranging for a portion of their customers' tax refunds to be electronically deposited into their own bank account or an account of one of his family members in order to pay his tax return preparation fee.

4. Defendants and their agents, servants, employees, independent contractors, attorneys, and all persons in active concert or participation with them shall be required to implement a monitoring system of the federal tax returns that they prepare. The monitoring system must be administered by a third-party monitor ("Monitor") and shall include the following provisions:

(a) The Monitor shall be a neutral, third-party certified public accountant, who

shall be compensated by Defendants and shall be approved by a representative designated by the Department of Justice;

(b) The Monitor may inspect any books and records of Defendants to ensure that they are complying with the terms of this Order. The Monitor shall randomly select, inspect, and review at least 3% of all income tax returns prepared by Defendants involving tax returns that either (1) report income from a sole proprietorship, or (2) claim an Earned Income Tax Credit, American Opportunity Credits, or other false educational credits;

(c) The Monitor must review returns at least once a month;

(d) The Defendants will be required to provide the Monitor with all information to conduct truly random, statistically valid samples of returns, and obtain any waivers necessary to share the federal income tax returns and related files for any client with the Monitor;

(e) The Monitor shall be required to provide a written report to the Department of Justice regarding any improper or fraudulent returns by the 14th of the following month (i.e., for the month of January, the report must be filed by February 14); and.

(f) The Monitor shall be in place and monitor Defendants' tax returns for 16 months.

5. Defendants shall file with the Clerk of the Court, within thirty days after the entry of this Order, a sworn certificate of compliance, signed under penalty of perjury, stating that they have complied with the foregoing directive.

6. The United States may engage in post-judgment discovery to ensure compliance

with this Order.

7. This Court shall retain jurisdiction over this civil action to enforce Defendants' compliance with the terms of this Order.

8. The United States may provide actual notice of the permanent injunction entered in this action by mailing a true and correct copy thereof to Defendants by registered or certified mail, to their counsel.

**IT IS SO ORDERED,** this 2nd day of March, 2026.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE